LUCERO, J.,
dissenting.
I respectfully dissent. Contrary to the majority’s holding, the Arbitration Agreement lacks mutuality, and is therefore substantively unconscionable. See Fitz v. NCR Corp., 118 Cal.App.4th 702, 13 Cal.Rptr.3d 88, 103 (2004) (“In assessing substantive unconscionability, the paramount consideration is mutuality.”). As with the unconscionable agreement in Fitz, the Arbitration Agreement exempts claims related to intellectual property — those claims recognized by Fitz as more likely to be brought by the employer, rather than employees. However, the majority holds that this carve-out is not unilateral and distinguishes the instant case from Fitz on the grounds that eBay, unlike NCR, is a “technology company” which “employs many individuals that develop their own inventions.” (Majority Op. 48.)
What the majority fails to recognize is that the employer in Fitz, NCR or National Cash Register Corporation, is also a “technology company” and this fact was before the Fitz court.[1] Moreover, the Cal *51 ifornia Court of Appeal in Fitz, rejected an almost identical argument from NCR. The company cited cases in which employees brought suit over intellectual property claims. Nonetheless, the court held that the exemption for intellectual property claims lacked mutuality because “it is far more often the case that employers, not employees, will file such claims.” Fitz, 13 Cal.Rptr.3d at 104. Fitz is clear: The fact that an employer is a technology company and that some employees might advance intellectual property claims does not render an intellectual property carve-out mutual. Fitz governs this case, and the exemption is therefore unconscionable.
I also disagree with the majority on the issue of remedy for the defective provisions of the Arbitration Agreement. Because I would hold the intellectual property exemption unconscionable, the district court’s failure to strike this provision renders its severance remedy inadequate. Invalidation of the Arbitration Agreement in its entirety vindicates California’s policy objective of deterring employers from “routinely inserting such a deliberately illegal clause into the arbitration agreement it mandates for its employees.” Armendariz v. Found. Health Psychcare Serv., Inc., 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669, 697 n. 13 (2000). Otherwise — as in this case — “employers are encouraged to overreach; if the covenant they draft is overbroad then the court will redraft it for them.” Id.
For the foregoing reasons, I respectfully DISSENT.

. Brief of Defendant-Appellant at 26, Fitz v. NCR Corp., No. D041738 (Cal.Ct.App., July 1, 2003) (“NCR, formerly known as National Cash Register Company, is a technology company.”). See also, NCR, Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934, http://www.sec.gov/ Archives/edgar/data/70866/00011931251 0041121/dlOk.htm (last visited Oct. 22, 2010) ("NCR Corporation and its subsidiaries ... provide technology and services ... ”). NCR developed the first electric cash register, one of the first ATMs, early computers, invented the liquid crystal display and commercialized the bar code scanner. NCR History, NCR, http://www.ncr.com/about_ncr/company_ overview/history.jsp (last visited Oct. 22, 2010). NCR is not alone in its contention *51 that it is, in fact, a technology company. The Atlanta Journal-Constitution described the company as a "[t]echnology giant.” J. Scott Trubey, NCR Profit Soars in the Third Quarter, Atlanta J.-Const., Oct. 21, 2010, available at http://www.ajc.com/business/ncr-profit-soars-in-687569.html.